UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTNET INC., a
Michigan non-profit corporation,          Case No. _____

          Plaintiff,          Hon. _____

v.          **VERIFIED COMPLAINT**

CITY OF TAYLOR

          Defendants.

NOW COMES Plaintiff, ChristNet Inc. ("ChristNet"), by and through its attorneys, Aaron T. Speck and Varnum LLP, and for its Verified Complaint against Defendant states as follows:

**PARTIES AND JURISDICTION**

1.     ChristNet is a Michigan non-profit corporation duly existing under the laws of the State of Michigan and conducting business at 25275 Eureka Road, Taylor, Michigan 48180.

2.     Defendant, the City of Taylor ("Defendant" or "the City"), is a Michigan municipal corporation duly incorporated under the laws of the State of Michigan.

3.     This is an action seeking injunctive relief, damages, and a writ of mandamus against Defendant for violations of due process under the Fourteenth Amendment of the United States Constitution and under the Michigan Constitution.  This Court has jurisdiction to hear this case under 28 U.S.C. § 1331, which confers original jurisdiction on federal district courts to hear suits alleging violation of rights and privileges under the United States Constitution.

4.     ChristNet's claim for an award of its reasonable costs of litigation, including attorney's fees and expenses, is authorized by 42 U.S.C. § 1988.

1

5. Defendant is subject to personal jurisdiction in this Court.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

**GENERAL ALLEGATIONS**

7. ChristNet was founded thirty-two years ago by nine founding churches and was originally known as "The Taylor Warming Center."

8. ChristNet has been providing services to homeless and in-need individuals in Wayne County for over three decades, with previous locations also located on Eureka Road in the City of Taylor.

9. On August 9, 2022, ChristNet received a certificate of occupancy from the City of Taylor, approving its "commercial" occupancy of the property located at 25275 Eureka Road, Taylor, Michigan 48180.  *See* Commercial Certificate of Occupancy, attached as **Exhibit A.**

10. On September 24, 2023, ChristNet received a business license from the City of Taylor, approved by Mayor Tim Woolley and Taylor City Clerk Cynthia A. Bower.  *See* Business License, attached as **Exhibit B**.

11. The license, set to expire on September 24, 2025, allows ChristNet to operate a facility providing "NON PROFIT EMPLOYMENT SERVICES & RELATED RESOURCE[S]." *See id.*

12. ChristNet provides meals, showers and hygiene support, laundry facilities, off-site overnight housing (which is seasonal at rotating Downriver Churches), identification assistance, referral services for housing, employment, and medical care, internet access for broader community services including job searches and family contacts, transportation to scheduled medical appointments, job interviews, and other social services, educational and motivational programs, and supportive encouragement to all guests, all while in a clean and safe environment.

13. During the last twelve months, ChristNet served 44,165 meals, including 16,465 meals in 2024 through May 15, 2024, alone.

14. The City has been aware of the vital neighborhood services provided by ChristNet for decades and has even historically utilized ChristNet by referring people in need to ChristNet for aid and assistance.

15. ChristNet primarily operates a daytime program at its facility. However, ChristNet also provides guests assistance with off-site overnight lodging at many partnering churches during inclement winter weather, as well as additional off-site overnight lodging year-round for some guests through its partnership with an organization known as Wayne-Metropolitan Community Action Agency ("Wayne-Metro").

16. ChristNet has partnered with Wayne-Metro for over fifteen years. That partnership has involved sharing of case management services provided to guests of ChristNet during the daytime program, along with some funding of transportation services for guests during the day.

17. While ChristNet began occupying its current building in September of 2022, ChristNet had purchased the property in 2013 and had been performing renovations for many years prior on the building.

18. As the cost of the final renovations began to soar as a result of COVID-19, an agreement was reached wherein ChristNet deeded the property to Wayne-Metro, which then funded the project to completion in exchange for a lease back to ChristNet for $1.00/year for ten years, renewable for an additional ten years. *See* Commercial Property Lease, attached as **Exhibit C**.

3

19.     That lease took effect on its own terms at the time the Certificate of Occupancy was issued on August 9, 2022; however, ChristNet's business license was not issued until September 24, 2023.  *See* Exhibit A and Exhibit B.

20.     ChristNet remains the only private non-profit organization in all of Wayne County that survived the COVID-19 pandemic, and which continues to provide day services and support to homeless individuals in the community.

21.     On April 8, 2024, in a letter signed by Mayor Woolley and City Clerk Bower, the City revoked ChristNet's business license, effective May 13, 2024.  *See* Notice of Revocation of Business License, attached as **Exhibit D**.

22.     The revocation letter stated that "the operation of ChristNet in Taylor has been a detriment to the health, safety and welfare of the residents and businesses that live and operate in the surrounding area," and that "[t]he City Administration…ha[s] attempted to work with ChristNet to resolve these problems, but these issues continue unabated."  *See id.*

23.     The above statements are patently false and known to be false as the City Administration, including Mayor Woolley, had never spoken to or sent any form of communication to anyone at ChristNet's executive office concerning these so-called "problems."  *See id.*

24.     In fact, Mayor Woolley was so disconnected from ChristNet that he had no idea the director was a woman named Rickie Rickman, as shown through the fact that he addressed the April 8, 2024 letter terminating ChristNet's business license to a "Mr. Rickman."  *See id.*

25.     Further, at no time prior to the issuance of the letter of revocation dated April 8, 2024 did Mayor Woolley or anyone in the City Administration advise ChristNet of the

requirements of Section 10-23 of the City's Code of Ordinances, which requires a hearing before the mayor before a business license may be revoked.

26. Specifically, Section 10-23 of the City's Code of Ordinances provides as follows, in relevant part:

> Licenses requested pursuant to this chapter may be refused by the city clerk and licenses that have been issued may be revoked and/or suspended by the mayor or city clerk at any time after a hearing before the mayor for any of the following causes:
>
> (3) Conducting a business in an unlawful manner or in such manner as to constitute a breach of the peace or to constitute a menace to the health, morals, safety or welfare of the public[.]

27. The revocation letter dated April 8, 2024, was not postmarked until April 22, 2024, and was not received by ChristNet until April 24, 2024. *See id.*

28. The letter was the first notice received by ChristNet that the City or the City Administration had issues with ChristNet's business operations. The letter was also ChristNet's first notice of the City's allegations that it was conducting business in such a manner.

29. ChristNet timely filed an appeal of the City's revocation decision and requested a hearing before the City Council pursuant to Section 10-25 of the City's Code of Ordinances. *See* April 30, 2024, Letter re ChristNet Services and Revocation of Business License, attached as **Exhibit E**.

30. An appeal hearing was subsequently scheduled for May 21, 2024, before the Taylor City Council. *See* **Exhibit F**.

31. Given the lack of any prior notice of problems perceived by the City as to ChristNet's ongoing business operations, and now facing an appeal of the Defendants' decision to revoke ChristNet's license, ChristNet made a Freedom of Information Act ("FOIA") request to the City, seeking all information regarding the decision to terminate ChristNet's business license.

32. The FOIA documents that were obtained revealed that the City and Wayne-Metro had in fact been engaged in a campaign for over a year to orchestrate a breach of the lease for ChristNet's occupancy, so that Wayne-Metro could take possession of the property and conduct its own operations from the building.

33. The FOIA documents further show that the City and Mayor Woolley had engaged in a dialogue with Wayne-Metro and received alleged complaints about ChristNet's business operations from Wayne-Metro.

34. Yet, the City and Mayor Woolley never investigated the truth of those allegations with ChristNet or provided ChristNet with an opportunity to address those complaints, instead simply accepting them as the truth.

35. The FOIA documents also contain photographs of mounds of garbage and debris scattered about in wooded areas, perhaps located in the City but otherwise not indicated.

36. It became apparent that the City was blaming ChristNet for every blighted area homeless individuals may have been occupying in the City, somehow attributing those areas to ChristNet even though they were located many blocks or even miles away from the day center.

37. On May 21, 2024, at the time set for the City Council appeal hearing of the decision to revoke ChristNet's business license, Defendant, by and through the City Council and Mayor Woolley, only provided ChristNet officers and its legal counsel with three minutes of allotted time per person to address the appeal.

38. Defendants did open additional three-minute time slots after a break for anyone wishing to speak a second time, and ChristNet officers and its legal counsel were able to at least avail themselves of an additional, yet limited, three minutes to speak.

6

39.     After this extremely limited appeal hearing, at which ChristNet was given no meaningful opportunity to participate, the City Council upheld the decision to revoke ChristNet's business license. *See id.*

40.     Ms. Rickman and ChristNet were then notified via a letter from Mayor Woolley dated June 3, 2024, that following this appeal before the City Council, ChristNet's license to operate at 25275 Eureka Road, Taylor, Michigan 48180 will be officially "revoked as of the close of business on Sunday, June 16, 2024."

41.     In this letter, Ms. Rickman and ChristNet were notified that "[c]ontinuing to operate after that date without a license will be in violation of the City of Taylor Ordinances."

42.     In this letter, Ms. Rickman and ChristNet were also urged to "take the necessary steps to communicate the pending closure" of the facility.

43.     If ChristNet is prevented from operating the day center, the approximately 50-75 men, women, and children that ChristNet serves seven days a week will go unassisted.

44.     These guests will lose access to not only meals and basic hygiene assistance, but also to the network of services provided by ChristNet including resources geared toward helping individuals obtain more stable housing, employment, and medical services.

45.     ChristNet prides itself as a "refuge from the streets" where guests can visit without fear, trepidation, or worries about their personal security.

46.     If ChristNet is prevented from operating the day center, ChristNet's guests would lose access to this security, structured environment, and socialization—which are all vital to improving the lives of the homeless and poverty-stricken.

7

47.     If ChristNet's operations are terminated, the day center's guests who are sometimes drug and alcohol dependent will also lose access to referrals to the National Intake Center and other support agencies.

48.     Further, if ChristNet's operations are terminated, the day center's guests will lose access to referrals to Adult Protective Services that, at times, become necessary when assisting guests who may have been taken advantage of or abused by family, friends, and caretakers.

**COUNT I**
**PROCEUDRAL DUE PROCESS VIOLATION**

49.     ChristNet incorporates the allegations in all preceding paragraphs as though set forth fully herein.

50.     The United States Constitution provides that no person shall be deprived of life, liberty, or property, without due process of law.  U.S. Const. Amend. V, XIV.

51.     The Michigan Constitution stats that no person shall be deprived of life, liberty, or property without due process of law.  Mich. Const. art. 1, § 17.

52.     Procedural Due Process protects individuals from arbitrary and capricious government action by requiring fair procedures before the government acts.

53.     ChristNet has a constitutionally protected, significant property right in the form of maintaining its business license for commercial operations within the City of Taylor.

54.     Defendant's actions in revoking ChristNet's license as detailed above violate the Fourteenth Amendment's and the Michigan Constitution's guarantee of sufficient due process in favor of ChristNet.

55.     ChristNet has and continues to suffer damages as a result of Defendants' violations of its due process rights.

56.     Pursuant to 42 U.S.C. § 1988(b), ChristNet is entitled to recover its reasonable attorney's fees as part of the costs of this action.

57.     Absent immediate injunctive relief, ChristNet and the public at large will suffer immediate and irreparable harm arising from the deprivation of the livelihoods of those who serve ChristNet, as well as the elimination of the only remaining facility in Wayne County that provides daily meals, hygiene care, referral services, and other social support for 50-75 men, women, and children in the Taylor community.

58.     The public interest weighs in favor of the issuance of an injunction preventing Defendant from enforcing its purported revocation of ChristNet's business license.

59.     ChristNet is likely to succeed on the merits of its claim.

60.     Defendant will suffer no harm if injunctive relief is granted.

61.     The balance between the harm ChristNet will suffer and any potential injury to Defendant if injunctive relief is granted (which is none) favors ChristNet.

WHEREFORE, ChristNet respectfully requests that this Court issue an Order that (1) provides for temporary, preliminary, and permanent injunctive relief that prevents Defendant from revoking ChristNet's business license; and (2) awards ChristNet money damages sufficient to compensate it for all forms of economic loss suffered as a result of Defendant's actions, together with such other relief as the Court deems just, equitable and proper, including attorney fees and costs pursuant to 42 U.S.C. § 1988(b).

## COUNT II
## PETITION FOR WRIT OF MANDAMUS

62.     ChristNet incorporates the allegations in all preceding paragraphs as though set forth fully herein.

9

63.     Under 28 U.S.C. § 1651, federal courts may issue all writs necessary or appropriate in aid of their respective jurisdictions, including writs in the nature of mandamus.

64.     ChristNet has a clear right and expectation that Defendant comply with the City's Code of Ordinances, which requires a hearing before the mayor prior to the suspension or revocation of a business license, followed by an appeal before the City Council.

65.     ChristNet is entitled to be allowed to meaningfully participate in any such required proceedings.

66.     Defendant has a clear, explicit, and non-discretionary duty to comply with the City's Code of Ordinances and ensure that the appropriate process is followed prior to the suspension or revocation of a business license.

67.     No other remedy exists that might allow ChristNet to present information and respond to the allegations that were made to Defendant, but which ChristNet was not privy to, regarding ChristNet's operations.

68.     Further, no other remedy exists that might allow Defendant to hear witness testimony and the circumstances surrounding ChristNet's business operations before issuing a decision on ChristNet's license revocation.

69.     ChristNet has and continues to suffer damages as a result of Defendant's failure to follow its Code of Ordinances.

WHEREFORE, ChristNet respectfully requests that this Court issue a Writ of Mandamus compelling Defendant to comply with Sections 10-23 and 10-25 of the City's Code of Ordinances by doing the following without further delay:

    a.  Hold a hearing before the mayor, in the presence of a court reporter, with time for witness testimony and presentation from counsel;

b.   Should the mayor again decide to revoke ChristNet's business license after this pre-deprivation hearing, hold a meaningful post-deprivation appeal hearing before the City Council, as required under Section 10-25 of the City's Code of Ordinances, with ample time for witness testimony, public comments, presentation from counsel, and the development of a factual record before a court reporter;

c.   Retain jurisdiction to review the City's actions in the event that ChristNet's business license is revoked following the Mandamus proceedings; and

d.   Award ChristNet such other relief as the Court deems just, equitable and proper, including attorney fees and costs.

## COUNT III
## SUBSTANTIVE DUE PROCESS VIOLATION

70.   ChristNet incorporates the allegations in all preceding paragraphs as though set forth fully herein.

71.   The Fourteenth Amendment of the United States Constitution safeguards certain constitutionally protected property or liberty interests from government interference, regardless of the procedural standards in place.

72.    The Constitution of the State of Michigan provides that no person shall be deprived of life, liberty, or property without due process of law.  Mich Const. art. 1, § 17.

73.   These due process clauses protect the rights of persons, including corporations and other business entities, from deprivation of property at the hands of arbitrary and capricious government action.

74.   ChristNet has a valid interest in maintaining its business license.

75.   The City's decision to revoke ChristNet's business license is not supported by any rational basis—as the City relied on insufficient evidence including allegations of encampments

in unspecified locations and the actions of third-party, homeless individuals that ChristNet had no prior notice of and cannot be faulted for.

76.     Further, the City never investigated the truth behind these allegations that arose from Wayne-Metro and city residents.

77.     While the City alleges that its revocation of ChristNet's license is based on health and safety concerns, ChristNet's operation of its day center is not the cause of these concerns and, thus, the revocation of ChristNet's license will not deter or prevent this conduct.

78.     Rather, if ChristNet is prevented from operating its day facility, homeless population of the City and of Western Wayne County will only intensify—as the last center of respite and resources for these individuals in the community will be eliminated.

79.     Because ChristNet's interest has been deprived by the City through arbitrary and capricious action that shocks the conscience, ChristNet's substantive due process rights have been violated.

80.     Pursuant to 42 U.S.C. § 1988(b), ChristNet is entitled to recover its reasonable attorney's fees as part of the costs of this action.

81.     Absent immediate injunctive relief, ChristNet and the public at large will suffer immediate and irreparable harm arising from the deprivation of the livelihoods of those who serve ChristNet, as well as the elimination of the only remaining facility in Wayne County that provides three daily meals, hygiene care, referral services, and other social support for 50-75 men, women, and children on a daily basis.

82.     The public interest weighs in favor of the issuance of an injunction preventing Defendant from enforcing its purported revocation of ChristNet's business license.

83.     ChristNet is likely to succeed on the merits of its claim.

84. Defendant will suffer no harm if injunctive relief is granted.

85. The balance between the harm ChristNet will suffer and any potential injury to Defendant if injunctive relief is granted (which is none) favors ChristNet.

WHEREFORE, ChristNet respectfully requests that this Court issue an Order that (1) provides for temporary, preliminary, and permanent injunctive relief that prevents Defendant from revoking ChristNet's business license; (2) declares the City's conduct in revoking ChristNet's business license unconstitutional; and (3) awards ChristNet money damages sufficient to compensate it for all forms of economic loss suffered as a result of Defendant's actions, together with such other relief as the Court deems just, equitable and proper, including attorney fees and costs pursuant to 42 U.S.C. § 1988(b).

## COUNT IV
## VIOLATION OF 42 USC § 1983

86. ChristNet incorporates the allegations in all preceding paragraphs as though set forth fully herein.

87. At all times relevant to this Complaint, the City acted under color of state law.

88. At all times relevant to this Complaint, the City's actions constituted the official policy, custom or practice of the City.

89. The City's actions have deprived ChristNet of constitutional rights guaranteed by the Fourteenth Amendment of the U.S. Constitution, as set forth above.

90. The City's actions violate 42 U.S.C. § 1983 and the United States Constitution.

91. Pursuant to 42 U.S.C. § 1988(b), ChristNet is entitled to recover its reasonable attorney's fees as part of the costs of this action.

92. As a result of the City's wrongful actions in violation of ChristNet's constitutionally protected rights, ChristNet has suffered damages and will continue to suffer damages.

93.     ChristNet is without an adequate remedy at law, and injunctive relief is necessary to protect ChristNet's rights.

WHEREFORE, ChristNet respectfully requests that this Court issue an Order that (1) provides for temporary, preliminary, and permanent injunctive relief that prevents Defendant from revoking ChristNet's business license; (2) declares the City's conduct in revoking ChristNet's business license unconstitutional; and (3) awards ChristNet money damages sufficient to compensate it for all forms of economic loss suffered as a result of Defendant's actions, together with such other relief as the Court deems just, equitable and proper, including attorney fees and costs pursuant to 42 U.S.C. § 1988(b).

Respectfully submitted,

VARNUM LLP
Attorneys for Plaintiff

Dated: June 13, 2024                    By:__/s/ Adam J. Brody_____ _____
                                                Adam J. Brody (P62035)
                                                Neil E. Youngdahl (P82452)
                                        BUSINESS ADDRESS & TELEPHONE:
                                                Bridgewater Place
                                                P.O. Box 352
                                                Grand Rapids, MI 49501-0352
                                                (616) 336-6000
                                                ajbrody@varnumlwa.com

                                                Aaron T. Speck
                                                Co-Counsel for Plaintiff
                                                LAW OFFICE OF AARON T. SPECK
                                                20619 Ecorse Rd.
                                                Taylor, MI 48180
                                                (313) 381-9000
                                                aaron@alllegalsolutions.com

## <u>VERIFICATION</u>

I, Rickie Rickman, am the President/Executive Director of ChristNet, Inc.  I am authorized to verify the foregoing Verified Complaint and do so based on my personal knowledge, company books and records, and/or matters made known to me.  Pursuant to 28 U.S.C. § 1746, I declare under the penalties of perjury that this Verified Complaint has been examined by me and that its contents are true to the best of my information, knowledge, and belief. For those matters stated upon information and belief, I believe them to be true after reasonable inquiry.

Executed on June *13*, 2024

CHRISTNET, INC.

By: _*Rickie Rickman*_____

Its: <u>Executive Director / President</u>

15