UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTNET INC., a
Michigan non-profit corporation,

    Plaintiff,

v.

    Case No. 24-11561
    Hon. Denise Page Hood

CITY OF TAYLOR,

    Defendant.

_____/

**ORDER GRANTING PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER**
and
**NOTICE OF SETTING HEARING DATE ON MOTION FOR PRELIMINARY INJUCTION**

## I.    INTRODUCTION

Now, before the Court, is Plaintiff, ChristNet Inc.'s, Emergency Motion for Immediate Temporary Restraining Order and Preliminary Injunction. [ECF No. 2]. On June 13, 2024, ChristNet filed the instant action against the City of Taylor challenging the constitutionality of a decision made by Defendant to revoke ChristNet's business license. [ECF No. 1, PageID.4]. ChristNet alleges Count I – Procedural Due Process Violation, Count II – Petition for Writ of Mandamus, Count III – Substantive Due Process Violation, Count IV – Violation of 42 U.S.C. § 1983. Id. at PageID.8-13.

1

## II.     BACKGROUND

ChristNet is a non-profit corporation founded thirty-two years ago by nine founding churches. [ECF No. 1, PageID.1-2]. ChristNet provides services to homeless and in-need individuals in Wayne County. *Id*. at PageID.2. On August 9, 2022, ChristNet received a certificate of occupancy from the City of Taylor, approving its commercial occupancy of the property located at 25275 Eureka Road. *Id*. On September 24, 2023, ChristNet received a business license from the City of Taylor to operate a facility providing nonprofit employment services and related resources. *Id*. ChristNet provides meals, showers and hygiene support, laundry facilities, off-site overnight housing, identification assistance, referral services, employment, and many more services. *Id*. Some of ChristNet's work is accomplished through its partnership with Wayne-Metropolitan Community Action Agency ("Wayne-Metro"). *Id*. at PageID.3. While ChristNet began occupying its current building in September of 2022, it had purchased the property in 2013 and had been performing renovations since that time. *Id*. As the cost of final renovations increased, ChristNet and Wayne-Metro entered into an agreement whereby ChristNet deeded the property to Wayne-Metro, which then funded the project to completion in exchange for a lease back to ChristNet for $1/year for ten years, renewable for an additional ten years. *Id*.

On April 8, 2024, ChristNet received a notice signed by the Mayor of the City of Taylor and the City Clerk revoking its business license, effective May 13, 2024 and citing ChristNet's operation being a detriment to the health, safety and welfare of the residents and businesses that live and operate in the surrounding area as the basis for revocation. *Id*. at PageID.5. ChristNet appealed the decision and an appeal hearing was held May 21, 2024. *Id*. In preparation for the hearing, ChristNet obtained documents through a Freedom of Information Act request. *Id*. ChristNet alleges that the FOIA documents revealed that the City and Wayne-Metro had been engaged in a campaign for over a year to orchestrate a breach of the lease for ChristNet's occupancy, so that Wayne-Metro could take possession of the property and conduct its own operations from the building. Id. at PageID.6. The campaign allegedly included complaints about ChristNet's business operations from Wayne-Metro which were never investigated and images of blighted areas around the city being associated with ChristNet. *Id*.

After a limited appeal hearing, the City Council upheld the decision to revoke ChristNet's business license and ChristNet received a letter dated June 3, 2024 stating that its business license would officially be revoked Sunday, June 16, 2024. *Id*. at PageID.7. ChristNet alleges that the City of Taylor denied it due process when it failed to provide ChristNet a hearing in front of the Mayor as required by City Code of Ordinance § 10-23 before revoking ChristNet's business license. [ECF No.

3

2, PageID.51]. On June 13, 2024, ChristNet filed its Emergency Motion for Immediate Temporary Restraining Order and Preliminary Injunction. [ECF No. 2]. ChristNet has not advised whether a copy of the Complaint and Motion have been provided to Defendant.

### III. ANALYSIS

ChristNet seeks a temporary restraining order that prevents Defendant from revoking ChristNet's business license on June 16, 2024, an order requiring Defendant to show cause why a preliminary injunction should not issue, and an such relief as the Court deems proper.

> **Rule 65(b) Temporary Restraining Order.**
>
> **(1)** *Issuing Without Notice*. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> > (A) specific facts shown by affidavit or by a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> >
> > (B) the movant's attorney certifies to the court in writing any efforts made to give the notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b).

Rule 65(b) is clear that the possibly drastic consequences of a restraining order mandate careful consideration by a trial court faced with such a request. 1966

4

Advisory Committee Note to 65(b). Before a court may issue a temporary restraining order, it should be assured that the movant has produced compelling evidence of irreparable and imminent injury and that the movant has exhausted reasonable efforts to give the adverse party notice. *Fuentes v. Shevin*, 407 U.S. 67 (1972); *Boddie v. Connecticut*, 401 U.S. 371 (1971); *Sniadach v. Family Finance Corp.*, 339 U.S. 337 91969); 11 Wright & Miller, Federal Practice and Procedure § 2951, at 504-06 (1973). Other factors such as the likelihood of success on the merits, the harm to the non-moving party and the public interest should also be considered. See *Dow Corning Corp. v. Chaganti*, No. 15-CV-13781, 2015 WL 6735335, at *5 (E.D. Mich. Nov. 4, 2015)

As to the Rule 65(b) factors, ChristNet has demonstrated that immediate and irreparable injury, loss, or damage will result prior to the Defendant being heard in opposition. It is well settled that a plaintiff's harm is not irreparable if it is fully compensable by money damages. *Basicomputer Corp. v. Scott*, 973 F.2d 507, 511 (6th Cir. 1992). However, an injury is not fully compensable by money damages if the nature of the plaintiff's loss would make damages difficult to calculate. *Id*. at 511-512.

Upon review of the Complaint, it appears ChristNet is the only provider of necessary services to homeless and in-need individuals in the City of Taylor, including food and shelter, which are required for living. Without its business

license, ChristNet will lose its ability to provide guests with access to meals and basic hygiene assistance, security and refuge from the streets, a structured environment to exercise socialization, access to referrals for to support agencies for drug and alcohol dependent individuals, and access to adult protective services for victims of abuse. This lack of access is likely to have an impact on the residents and surrounding businesses as guests may be forced to scrounge for food and find places to sleep on the street. Further, the impact will be almost immediate as the City of Taylor is set to officially revoke ChristNet's business license in less than two days. The harm to be felt is not quantifiable as money cannot compensate for the hunger felt by guests who will be subjected to missing meals or those subjected to sleeping outside. Further, the reputation built by could likely be tainted by this loss. A temporary restraining order is appropriate to prevent the collateral impact of Defendant's actions.

With respect to notice, ChristNet's attorney has failed to certify any efforts to provide Defendant notice of its request for ex parte relief. "[T]he Rule 65(b) restrictions on the availability of ex parte temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Dow Corning Corp.*, 2015 WL 6735335, at *5 quoting *First Tech. Safety Sys., Inc. v. Depinet*, 11 F.3d 641, 650 (6th Cir. 1993). District courts are

generally justified in proceeding ex parte in cases where notice is impossible, the opposing party is unable to be found, or where notice would render fruitless further prosecution. *Id*. Nevertheless, the absence of certification is not fatal. *Id*.

ChristNet has not stated that notice is impossible, in fact, ChristNet has recently made contact with Defendant regarding the issues complained of. Further, ChristNet appears to be in possession of the documents necessary to show wrongdoing as obtained through its FOIA request negating the risk that necessary documents may be destroyed if notice is given. Therefore, it would not be impractical to require ChristNet to at least attempt to notify Defendant of its ex parte request. Therefore, ChristNet will be directed to file a supplemental certification within 24 hours of this Order. See *Id*.

The Court turns now to the factors for injunctive relief. First, ChristNet has demonstrated that it has likely been deprived of procedural and substantive due process in the revocation of its business license without proper pre and post revocation hearings in violation of City of Taylor ordinances. The verified Complaint includes detailed information regarding the deprivation along with documentation supporting the allegations of wrongdoing. At this early stage, ChristNet has shown enough to push the needle in favor of injunctive relief.

Granting ChristNet's request for temporary restraining order will not harm Defendant in any meaningful way. Doing so will merely require Defendant to

7

provide support for its position to revoke ChristNet's business license. Such a burden cannot outweigh the loss ChristNet stands to lose if its business license is revoked. This factor weighs in favor of injunctive relief.

The public interest would be served by a temporary restraining order in this case. By maintaining the status quo, the many guests that ChristNet serves will not be displaced, meals will continue to be provided, and there will be fewer people forced to live on the streets. In turn, the Defendant will have less homeless and in-need individuals on the streets and there will be fewer health, safety, and welfare concerns in the community as a whole.

## IV. CONCLUSION

For the reasons set forth above,

IT IS SO ORDERED that Plaintiff's Emergency Motion for Temporary Restraining Order [ECF No. 2] is GRANTED.

IT IS FURTHER ORDERED that Plaintiff shall submit certification of its efforts to provide Defendant notice of its request for ex parte relief within 24 hours of this Order.

IT IS FURTHER ORDERED that Defendant is enjoined from moving forward with final revocation of Plaintiff's business license on June 16, 2024.

IT IS FURTHER ORDERED that the Motion for Preliminary Injunction is set for a hearing on **Tuesday, July 1, 2024 at 2:30 p.m.** Plaintiff must serve

Defendant with the Complaint and Motion by **Monday, June 17, 2024**. Any response to the motion must be filed by **Monday, June 24, 2024**. Any reply to the response must be filed by **Thursday, June 27, 2024**.

s/Denise Page Hood
United States District Judge

Dated: June 16, 2024

I hereby certify that a copy of the foregoing document was served upon counsel of record or party on June 16, 2024, by electronic and/or ordinary mail.