UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTNET INC., a
Michigan non-profit corporation,

    Plaintiff,

v.

CITY OF TAYLOR,

    Defendant.

Case No. 2:24-cv-11561
Hon. Denise Page Hood

## DEFENDANT'S ANSWER TO COMPLAINT WITH AFFIRMATIVE DEFENSES

Defendant, CITY OF TAYLOR, by and through its attorneys, ROSATI, SCHULTZ, JOPPICH & AMTSBUECHLER, P.C., states as follows for its Answer to the Complaint:

1. Answering paragraph 1, Defendant neither admits nor denies the allegations contained therein, having insufficient knowledge or information upon which to form a belief, and leaves Plaintiff to its proofs.

2. Answering paragraph 2, Defendant admits the allegation.

3. Answering paragraph 3, Defendant admits that the claims in this case fall within this Court's federal question jurisdiction conferred by 42 U.S.C. § 1331, subject to and without waiving its affirmative defenses.

4. Answering paragraph 4, Defendant admits only that 42 U.S.C. § 1988 provides authority for awarding costs and fees to a prevailing Plaintiff, but Defendant denies that Plaintiff is entitled to such relief.

5. Answering paragraph 5, Defendant admits the allegation.

6. Answering paragraph 6, Defendant does not contest venue.

7. Answering paragraph 7, Defendant neither admits nor denies the allegations contained therein, having insufficient knowledge or information upon which to form a belief, and leaves Plaintiff to its proofs.

8. Answering paragraph 8, Defendant neither admits nor denies the allegations contained therein, having insufficient knowledge or information upon which to form a belief, and leaves Plaintiff to its proofs.

9. Answering paragraph 9, Defendant admits the allegation.

10. Answering paragraph 10, Defendant admits the allegation.

11. Answering paragraph 11, Defendant admits that the paragraph accurately quotes an excerpt of the business license dated September 24, 2023 that is attached as Exhibit B to the Complaint.

12. Answering paragraph 12, Defendant neither admits nor denies the allegations contained therein, having insufficient knowledge or information upon which to form a belief, and leaves Plaintiff to its proofs.

13. Answering paragraph 13, Defendant neither admits nor denies the allegations contained therein, having insufficient knowledge or information upon which to form a belief, and leaves Plaintiff to its proofs.

14. Answering paragraph 14, Defendant neither admits nor denies the allegations contained therein, having insufficient knowledge or information upon which to form a belief, and leaves Plaintiff to its proofs.

15. Answering paragraph 15, Defendant neither admits nor denies the allegations contained therein, having insufficient knowledge or information upon which to form a belief, and leaves Plaintiff to its proofs.

16. Answering paragraph 16, Defendant neither admits nor denies the allegations contained therein, having insufficient knowledge or information upon which to form a belief, and leaves Plaintiff to its proofs.

17. Answering paragraph 17, Defendant neither admits nor denies the allegations contained therein, having insufficient knowledge or information upon which to form a belief, and leaves Plaintiff to its proofs.

18. Answering paragraph 18, Defendant neither admits nor denies the allegations contained therein, having insufficient knowledge or information upon which to form a belief, and leaves Plaintiff to its proofs.

19. Answering paragraph 19, Defendant neither admits nor denies the date that Plaintiff's lease took effect, having insufficient knowledge or information upon

which to form a belief as to the truth of the allegations, and leaves Plaintiff to its proofs. Defendant admits that the Certificate of Occupancy for Plaintiff's operation was dated August 9, 2022, and that the business license was dated September 24, 2023.

20. Answering paragraph 20, Defendant neither admits nor denies the allegations contained therein, having insufficient knowledge or information upon which to form a belief, and leaves Plaintiff to its proofs.

21. Answering paragraph 21, Defendant admits only that the City sent Plaintiff a letter dated April 8, 2024, which communicated the City's intention to revoke Plaintiff's business license as of May 13, 2024, and which advised Plaintiff of its right to appeal. For further answer, Defendant denies the characterization of the letter itself having "revoked" the license, as the revocation was not immediately effective. To date, the license revocation has not taken effect because Plaintiff filed an appeal to the City Council that stayed the revocation, and this Court subsequently entered a Temporary Restraining Order that has stayed the revocation.

22. Answering paragraph 22, Defendant admits only that the paragraph accurately quotes an excerpt of the April 8, 2024 letter.

23. Answering paragraph 23 Defendant denies the allegations as untrue.

24. Answering paragraph 24, Defendant admits only that the referenced April 8, 2024 letter included a typographical error addressing the letter to "Mr." Rickman. Defendant denies the balance of the allegations in paragraph 24 as untrue.

25. Answering paragraph 25, Defendant neither admits nor denies the allegations contained therein, having insufficient knowledge or information upon which to form a belief, and leaves Plaintiff to its proofs.

26. Answering paragraph 26, Defendant admits only that the quoted text accurately quotes an excerpt of Section 10-23 of the Taylor Code of Ordinances.

27. Answering paragraph 27, Defendant neither admits nor denies the allegations contained therein, having insufficient knowledge or information upon which to form a belief, and leaves Plaintiff to its proofs.

28. Answering paragraph 28, Defendant denies the allegations as untrue.

29. Answering paragraph 29, Defendant admits the allegation.

30. Answering paragraph 30, Defendant admits the allegation.

31. Answering paragraph 31, Defendant admits that ChristNet made a FOIA request on April 30, 2024. Defendant denies as untrue the inference that Plaintiff was unaware of the concerns about its operation prior to the April 8, 2024 letter. Defendant neither admits nor denies the balance of the allegations in paragraph 31, having insufficient knowledge or information upon which to form a

belief as to Plaintiff's subjective reasoning for submitting a FOIA request, and leaves Plaintiff to its proofs.

32. Answering paragraph 32, Defendant denies the allegations as untrue.

33. Answering paragraph 33, Defendant admits only that City representatives, including Mayor Woolley, communicated with representatives of Wayne-Metro, including about concerns relating to Plaintiff's operation. The City denies any inference of abnormality, wrongdoing, or liability connected with those communications.

34. Answering paragraph 34, Defendant denies the allegations as untrue.

35. Answering paragraph 35, Defendant admits only that the City's FOIA response included photographs. Defendant neither admits nor denies the balance of the allegations contained in paragraph 35, as they are in the form of speculation rather than allegations of fact, and do not specifically describe or identify the photos being referenced, and Defendant leaves Plaintiff to its proofs.

36. Answering paragraph 36, Defendant denies the allegations as characterized as untrue.

37. Answering paragraph 37, Defendant denies the allegations as untrue. For further answer, Defendant states that Plaintiff's representatives were initially provided 3-minute remark periods, but were subsequently permitted to return to the podium to continue their remarks.

38. Answering paragraph 38, Defendant admits that Plaintiff's representatives were provided additional time to speak beyond each of their original three minute statements.

39. Answering paragraph 39, Defendant admits only that the City Council upheld the decision to revoke Plaintiff's business license. Defendant denies the balance of the allegations in paragraph 39 as untrue.

40. Answering paragraph 40, Defendant admits the allegation.

41. Answering paragraph 41, Defendant admits the allegation.

42. Answering paragraph 42, Defendant admits the allegation.

43. Answering paragraph 43, Defendant neither admits nor denies the allegations contained therein, having insufficient knowledge or information upon which to form a belief, and leaves Plaintiff to its proofs.

44. Answering paragraph 44, Defendant neither admits nor denies the allegations contained therein, having insufficient knowledge or information upon which to form a belief, and leaves Plaintiff to its proofs.

45. Answering paragraph 45, Defendant neither admits nor denies the allegations contained therein, having insufficient knowledge or information upon which to form a belief, and leaves Plaintiff to its proofs.

46. Answering paragraph 46, Defendant neither admits nor denies the allegations contained therein, having insufficient knowledge or information upon which to form a belief, and leaves Plaintiff to its proofs.

47. Answering paragraph 47, Defendant neither admits nor denies the allegations contained therein, having insufficient knowledge or information upon which to form a belief, and leaves Plaintiff to its proofs.

48. Answering paragraph 48, Defendant neither admits nor denies the allegations contained therein, having insufficient knowledge or information upon which to form a belief, and leaves Plaintiff to its proofs.

## **COUNT I**

49. Answering paragraph 49, Defendant restates and incorporates by reference its answers to paragraphs 1-48 as though fully set forth herein.

50. Answering paragraph 50, Defendant admits only that the paragraph accurately summarizes an excerpt of U.S. Const. Amend. V and XIV, but neither admits nor denies that Plaintiff has completely or accurately stated and applied all law applicable to the Complaint, and leaves Plaintiff to its proofs.

51. Answering paragraph 51, Defendant admits only that the paragraph accurately summarizes an excerpt of Mich Const. art 1, § 17, but neither admits nor denies that Plaintiff has completely or accurately stated and applied all law applicable to the Complaint, and leaves Plaintiff to its proofs.

52. Answering paragraph 52, Defendant states that no answer is required, as the paragraph contains a legal conclusion, but neither admits nor denies that Plaintiff has completely or accurately stated and applied all law applicable to the Complaint, and leaves Plaintiff to its proofs.

53. Answering paragraph 53, Defendant states that no answer is required, as the paragraph contains a legal conclusion, but neither admits nor denies that Plaintiff has completely or accurately stated and applied all law applicable to the Complaint, and leaves Plaintiff to its proofs.

54. Answering paragraph 54, Defendant denies the allegations as untrue.

55. Answering paragraph 55, Defendant denies the allegations as untrue.

56. Answering paragraph 56, Defendant denies the allegations as untrue.

57. Answering paragraph 57, Defendant denies the allegations as untrue.

58. Answering paragraph 58, Defendant denies the allegations as untrue.

59. Answering paragraph 59, Defendant denies the allegations as untrue.

60. Answering paragraph 60, Defendant denies the allegations as untrue.

61. Answering paragraph 61, Defendant denies the allegations as untrue.

WHEREFORE, Defendant, City of Taylor, denies that Plaintiff is entitled to the relief that it seeks, and respectfully requests that this Honorable Court dismiss the Complaint with prejudice, enter judgment in the City's favor, grant costs and

fees incurred in defending against this Complaint, and grant any other relief deemed appropriate.

## COUNT II

62. Answering paragraph 62, Defendant restates and incorporates by reference its answers to paragraphs 1-61 as though fully set forth herein.

63. Answering paragraph 63, Defendant admits that the paragraph accurately summarizes the content of 28 U.S.C. § 1651, but denies that Plaintiff is entitled to the relief that it seeks under this statute.

64. Answering paragraph 64, Defendant states that no answer is required, as the paragraph states a legal conclusion, but neither admits nor denies that Plaintiff has completely or accurately stated and applied all law applicable to the Complaint. For further answer, Defendant denies as untrue any inference of wrongdoing or irregularities in the revocation process. Plaintiff was granted an extensive hearing before the Mayor and Council, and the license revocation was never effective prior to that hearing.

65. Answering paragraph 65, Defendant denies as untrue any inference that Plaintiff was not afforded a meaningful opportunity to participate in its appeal.

66. Answering paragraph 66, Defendant states that no answer is required, as the paragraph asserts a legal conclusion, but Defendant neither admits nor denies that Plaintiff has completely or accurately stated and applied all law applicable to

the Complaint. For further answer, Defendant states that Plaintiff was provided with the appropriate process prior to the revocation of its business license.

67. Answering paragraph 67, Defendant denies that Plaintiff is entitled to a remedy, as it was afforded the process that it was due relative to the revocation of its business license.

68. Answering paragraph 68, Defendant denies that Plaintiff is entitled to a remedy, as it was afforded the process that it was due relative to the revocation of its business license.

69. Answering paragraph 69, Defendant denies the allegations as untrue.

WHEREFORE, Defendant, City of Taylor, denies that Plaintiff is entitled to the relief that it seeks, and respectfully requests that this Honorable Court dismiss the Complaint with prejudice, enter judgment in the City's favor, grant costs and fees incurred in defending against this Complaint, and grant any other relief deemed appropriate.

## **COUNT III**

70. Answering paragraph 70, Defendant restates and incorporates by reference its answers to paragraphs 1-69 as though fully set forth herein.

71. Answering paragraph 71, Defendant states that no answer is required, as the paragraph contains a legal conclusion, but neither admits nor denies that

Plaintiff has completely or accurately stated and applied all law applicable to the Complaint, and leaves Plaintiff to its proofs.

72. Answering paragraph 72, Defendant admits only that Plaintiff has accurately summarized an excerpt of Mich. Const. art. 1 §17, but neither admits nor denies that Plaintiff has completely or accurately stated and applied all law applicable to the Complaint, and leaves Plaintiff to its proofs.

73. Answering paragraph 73, Defendant states that no answer is required, as the paragraph contains a legal conclusion, but neither admits nor denies that Plaintiff has completely or accurately stated and applied all law applicable to the Complaint, and leaves Plaintiff to its proofs.

74. Answering paragraph 74, Defendant neither admits nor denies the allegations contained therein, having insufficient knowledge or information upon which to form a belief, and leaves Plaintiff to its proofs.

75. Answering paragraph 75, Defendant denies the allegations as untrue.

76. Answering paragraph 76, Defendant denies the allegations as untrue.

77. Answering paragraph 77, Defendant denies the allegations as untrue.

78. Answering paragraph 78, Defendant neither admits nor denies the allegations contained therein, having insufficient knowledge or information upon which to form a belief, and leaves Plaintiff to its proofs.

79. Answering paragraph 79, Defendant denies the allegations as untrue.

80. Answering paragraph 80, Defendant denies the allegations as untrue.

81. Answering paragraph 81, Defendant denies the allegations as untrue.

82. Answering paragraph 82, Defendant denies the allegations as untrue.

83. Answering paragraph 83, Defendant denies the allegations as untrue.

84. Answering paragraph 84, Defendant denies the allegations as untrue.

85. Answering paragraph 85, Defendant denies the allegations as untrue.

WHEREFORE, Defendant, City of Taylor, denies that Plaintiff is entitled to the relief that it seeks, and respectfully requests that this Honorable Court dismiss the Complaint, with prejudice, enter judgment in the City's favor, grant costs and fees incurred in defending against this Complaint, and grant any other relief deemed appropriate.

## **COUNT IV**

86. Answering paragraph 86, Defendant restates and incorporates by reference its answers to paragraphs 1-85 as though fully set forth herein.

87. Answering paragraph 87, Defendant states that no answer is required, as the paragraph contains a legal conclusion, but neither admits nor denies that Plaintiff has completely or accurately stated and applied all law applicable to the Complaint, and leaves Plaintiff to its proofs.

88. Answering paragraph 88, Defendant states that no answer is required, as the paragraph contains a legal conclusion, but neither admits nor denies that

Plaintiff has completely or accurately stated and applied all law applicable to the Complaint, and leaves Plaintiff to its proofs.

89. Answering paragraph 89, Defendant denies the allegations as untrue.

90. Answering paragraph 90, Defendant denies the allegations as untrue.

91. Answering paragraph 91, Defendant denies the allegations as untrue.

92. Answering paragraph 92, Defendant denies the allegations as untrue.

93. Answering paragraph 93, Defendant denies the allegations as untrue.

WHEREFORE, Defendant, CITY OF TAYLOR, respectfully requests that this Honorable Court deny the relief requested in the Complaint, dismiss the Complaint with prejudice, enter judgment in favor of the City, award costs and attorney fees so wrongfully incurred, and grant any other relief deemed appropriate.

Respectfully submitted,

ROSATI, SCHULTZ, JOPPICH
 & AMTSBUECHLER PC

 /s/ Matthew J. Zalewski_____
Matthew J. Zalewski (P72207)
Attorneys for Defendant
27555 Executive Drive, Suite 250
Farmington Hills, MI  48331-3550
(248) 489-4100
mzalewski@rsjalaw.com

Dated:  July 8, 2024

## AFFIRMATIVE DEFENSES

Defendant, CITY OF TAYLOR, by and through its counsel, ROSATI SCHULTZ JOPPICH & AMTSBUECHLER, P.C., raises the following affirmative defenses to the Complaint:

1. The Court lacks subject matter jurisdiction over some or all of the claims alleged in the Complaint.

2. Some or all of the Complaint is barred as a collateral attack on the City Council's decision to affirm the determination to revoke Plaintiff's business license, thus depriving this Court of subject matter jurisdiction.

3. Plaintiff lacks standing to assert one or more of the claims in the Complaint, as Plaintiff's alleged harm is not redressable.

4. Plaintiff has failed to exhaust administrative remedies.

5. Plaintiff's mandamus claim and its request for injunctive relief fail due to the availability of adequate alternative remedies; specifically, an appeal of the City Council's decision to the circuit court that was not pursued, and Plaintiff's pled claims of monetary damages.

6. Plaintiff's mandamus claim fails for failure to prove a clear legal duty of the City with respect to which Plaintiff has a legal right to receipt of performance.

7. One or more claims of the Complaint fails to state a claim upon which relief can be granted.

8. Plaintiff's procedural due process claim fails, as Plaintiff was afforded notice and an opportunity to be heard as required by constitutional due process.

9. Plaintiff's substantive due process claim fails, as the actions alleged are not arbitrary and capricious, nor do they "shock the conscience."

10. Count IV, "Violation of 42 U.S.C. § 1983" fails to state a claim upon which relief can be granted, as 42 U.S.C. § 1983 is not an independent source of substantive rights, and therefore cannot stand as an independent substantive cause of action.

11. Plaintiff cannot establish municipal liability for purposes of its federal constitutional claims brought pursuant to 42 U.S.C. § 1983, as it cannot establish the existence of a custom, policy, practice, or procedure on the part of the Defendant that was the moving force behind any alleged deprivation of Plaintiff's constitutional rights.

12. Plaintiff's municipal liability claim must fail where the protocols in place are not deliberately indifferent to Plaintiff's individual rights.

13. Plaintiff's claims will fail, and Defendant will be entitled to its costs and attorney fees under 42 U.S.C. § 1988.

14. <u>Reservation:</u> Defendant reserves the right to assert additional affirmative defenses that may become known during the pendency of this litigation.

WHEREFORE, Defendant, CITY OF TAYLOR, respectfully requests that this Honorable Court deny the relief requested in the Complaint, dismiss the Complaint with prejudice, enter judgment in favor of the City, award costs and attorney fees so wrongfully incurred, and grant any other relief deemed appropriate.

          Respectfully submitted,

          ROSATI, SCHULTZ, JOPPICH &
           AMTSBUECHLER, P.C.

          /s/ Matthew J. Zalewski
          MATTHEW J. ZALEWSKI (P72207)
          Attorney for Defendant
          27555 Executive Drive, Suite 250
          Farmington Hills, MI  48331-3550
          (248) 489-4100
          mzalewski@rsjalaw.com

Dated: July 8, 2024

## CERTIFICATE OF SERVICE

    I hereby certify that on July 8, 2024, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

          ROSATI, SCHULTZ, JOPPICH &
           AMTSBUECHLER, P.C.

          /s/ Matthew J. Zalewski
          27555 Executive Drive, Suite 250
          Farmington Hills, MI  48331-3550
          (248) 489-4100