UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

CHRISTNET INC., a
Michigan non-profit corporation,

        Plaintiff,

v.

CITY OF TAYLOR

        Defendant.

Case No. 2:24-cv-11561-DPH-DRG

Hon. Denise Page Hood

Magistrate Judge David R. Grand

---

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

## I.  INTRODUCTION

Defendant, the City of Taylor, does not present this Court with any legitimate basis to deny ChristNet's request for injunctive relief.  Rather, all of the factors this Court must consider weigh in favor of granting that request.

As to the merits of ChristNet's claims, it is undisputed that Defendant (1) did not conduct the initial hearing required by its own ordinance; and then (2) provided a total of <u>six minutes</u> for ChristNet to challenge the revocation of its business license, without the chance to present witnesses or evidence or cross-examine those appearing in front of the City Council.  This falls far short of the required "meaningful" process to which ChristNet was constitutionally entitled.  Substantively, Defendant blames everyone <u>but</u> ChristNet for the alleged issues with the homeless population in Taylor, basing its revocation of ChristNet's business license in large part on the actions of unaffiliated individuals without even attempting to show that ChristNet caused or contributed to those issues.

Defendant's opposition also falls far short on the other factors for injunctive relief, largely ignoring them.  But those factors are critical, most notably the public interest factor.  It is undisputed (since Defendant provided no counter-affidavits to show otherwise) that ChristNet provides vital services to the homeless population, services that they could not obtain elsewhere if ChristNet were to close.  It is not an exaggeration to say that these individuals' lives literally depend on ChristNet.

1

Importantly, Defendant's own argument on this issue makes ChristNet's point for it. Defendant argues that the alleged conduct detrimental to public health occurs "when the facility shuts its doors at the end of the day and leaves the clients to fend for themselves[.]" But that is exactly the situation Defendant is asking this Court to create. In other words, cutting off the local homeless population's only resource would exacerbate, not eliminate, the issues about which Defendant now complains.

## II. LAW AND ARGUMENT

### A. ChristNet's Facts Must be Considered Undisputed.

ChristNet has submitted a Verified Complaint containing the factual support for its claims. *See, e.g.,* Verified Complaint at ¶¶ 37-38; 43-48; 75, ECF No. 1, PageID.6-8, 11-12. Importantly, Defendant has provided no affidavits to rebut these facts, such that they must be considered undisputed. *See Corning Glass Works v. Lady Cornella Inc.*, 305 F. Supp. 1229, 1231 (E.D. Mich. 1969) ("The statements of fact in th[ose] affidavits may be taken as true where no counter-affidavits are filed in opposition to the motion for preliminary injunction.").

### B. ChristNet is Likely to Prevail on the Merits of its Claim.

#### 1. Procedural due process violation.

It is undisputed that ChristNet was not provided the hearing before the mayor required by Defendant's own ordinance, and it is also undisputed that ChristNet was given a scant six minutes to address the revocation of its license at the May 21, 2024

City Council meeting. Procedural due process requires a hearing "at a meaningful time and in a meaningful manner." *See* ECF No. 2, PageID.51. The 360 seconds provided by Defendant fell far short of this meaningfulness requirement.

In an attempt to justify its actions, Defendant boldly proclaims that it provided a "four-hour appeal hearing" that contained no limitation whatsoever on the presentation of witnesses and other evidence. ECF No. 10, PageID.109. This argument is disingenuous. The truth is that the <u>entire</u> City Council meeting on May 21 lasted four hours, at which dozens of other, completely unrelated topics were addressed. *See* ECF No. 10-9, PageID.307-13. To claim that this was a "four-hour appeal hearing" of the revocation of ChristNet's license is ludicrous. Moreover, the undisputed facts show that, rather than being provided "no limitations on witnesses it could present, or what evidence it could present[,]" ChristNet was given only <u>six minutes</u> to plead its case. *See* Verified Complaint at ¶¶ 37-38, PageID.6. These limitations clearly deprived ChristNet of its procedural due process rights.

      **2.**      <u>**Substantive due process violation**</u>.

ChristNet's substantive due process rights were also violated. On this point, Defendant tries to distinguish this matter from *Johnson v. Morales*, 946 F.3d 911 (6th Cir. 2020). But those attempts fail. In *Johnson*, just as here, the defendant revoked the plaintiff's business license on the grounds that the business was generating violence in the area and, just as here, the defendant claimed that the

revocation of the business license was necessary to protect the health and safety its citizens. *See id.* at 938. The Sixth Circuit disagreed, in a holding with direct application here: "[S]uspending [the plaintiff's] license [could be] rational only if [the plaintiff] and her business somehow caused or contributed to the violence." *Id*.

There is zero evidence that ChristNet caused or contributed to the issues about which Defendant complains. And Defendant has failed to explain how these issues would be remedied by forcing ChristNet to close its doors, because they would not. Rather, they would only get worse. Thus, there is no question that ChristNet has established a violation of its substantive due process rights under *Johnson*.

### 3. **Request for mandamus**.

Defendant also claims that ChristNet cannot prevail on its request for mandamus, because of the nature of the actions requested and because ChristNet did not appeal the revocation to the Wayne County Circuit Court.

On the first issue, ChristNet will limit its mandamus claim to a request that Defendant be required to hold the hearing in front of the mayor required by Defendant's own ordinance before any licensing action is taken, at which ChristNet be given ample opportunity to present its case through counsel.

On the second issue, ChristNet could not have invoked the constitutional provision cited by Defendant, because Defendant's actions at the City Council meeting were not "quasi-judicial" in nature. The Michigan Court of Appeals has

held that "[q]uasi-judicial proceedings include procedural characteristics common to courts, such as a right to a hearing, a right to be represented by counsel, the right to submit exhibits, and the authority to subpoena witnesses and require parties to produce documents." *Attitude Wellness, LLC v. Vill. of Edwardsburg*, No. 355767, 2021 WL 5498680, at *2 (Mich. Ct. App. Nov. 23, 2021) (citing *Natural Resources Defense Council v Dep't of Environmental Quality*, 300 Mich App 79, 86 (2013)). Thus, "[t]o determine whether an administrative agency's determination is adjudicatory in nature, courts compare the agency's procedures to court procedures to determine whether they are similar." *Id.* Because the proceeding at issue had no such hallmarks of a typical court proceeding, "the process was not quasi-judicial, and there was no need to resort to Const. 1963, art. 6, § 28." *Id.*

Here, the 360 second-long "hearing" provided by Defendant at the City Council meeting does not even approach the procedures afforded by Courts in Michigan. As such, the constitutional provision cited by Defendant is inapplicable.

### C. ChristNet has Established Irreparable Harm.

Defendant does not take issue with the irreparable harm identified by ChristNet. Instead, Defendant curiously argues that, because ChristNet also alleged some monetary harm, it cannot be granted injunctive relief. This argument is baseless, as the Court has the authority to award both injunctive relief and monetary damages. *See Johnson v. City of Memphis*, 444 Fed. Appx. 856, 860 (6th Cir. 2011).

### D. The Public Interest Weighs Strongly in Favor of an Injunction.

Perhaps the most egregious shortcoming in Defendant's response is its argument regarding the public interest factor. Defendant claims that the public would be served by denying injunctive relief, but its argument on this point instead completely undercuts such a conclusion. Defendant posits that the alleged problems, in large part, "occur when [ChristNet] shuts its doors at the end of the day and leaves the clients to fend for themselves[.]" ECF No. 10, PageID.131. Given this assertion, one would think keeping ChristNet's doors <u>open</u> would be of paramount importance to Defendant. Yet Defendant inexplicably demands just the opposite.

Defendant also argues that there are "additional secondary effects" like tent encampments, trash, and disturbances at local businesses that will continue if injunctive relief is granted. *See id.* But Defendant fails to explain how closing down ChristNet will eliminate those issues. Nor can it, since the vast majority of its complaints in that regard have nothing to do with ChristNet. *See*, *e.g.*, ECF No. 10-5, 10-6, PageID.279-301 (consisting of generalized complaints of homeless individuals loitering and photos of unidentified areas containing trash). Defendant has failed to show how refusing injunctive relief will serve the public interest at all.

Contrast that with the concrete harm that will befall those who rely on ChristNet for meals and other vital services if it is forced to shut down. The unrebutted evidence establishes that this "refuge from the streets" is critical to those

6

individuals' health and wellbeing, and that shutting ChristNet down will force them back to the streets, making an already difficult situation substantially worse.

The public interest factor therefore weighs heavily in favor of an injunction, and the strength of this factor is more than sufficient to overcome any other perceived deficiency in ChristNet's claim. That is, the weighing of the relevant factors is a sliding scale, and though some showing of likelihood of success is required, "the moving party need show less likelihood of success on the merits if the other factors indicate the Court should issue a preliminary injunction." *Neveux v. Webcraft Technologies, Inc.*, 921 F.Supp. 1568, 1571 (E.D. Mich. 1996). Thus, even if the Court had reservations regarding ChristNet's likely ultimate success on the merits, the compelling public interest in ChristNet continuing its operations while this case plays out is more than sufficient to justify entry of an injunction.

### III. CONCLUSION

Based on the foregoing, as well as ChristNet's initial brief, ChristNet respectfully requests that the Court grant its motion.

Respectfully submitted,

VARNUM LLP
Attorneys for Plaintiff

Date: July 17, 2024              By:   /s/ Adam J. Brody
                                         Adam J. Brody (P62035)

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 17, 2024, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

                                                /s/ Adam J. Brody
                                                Adam J. Brody